UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,

      Petitioner,

      v.                                                Civil Action No. 2:12-cv-197

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

      Respondent.

**REPORT AND RECOMMENDATION**
(Docs. 8, 10, 16, 20)

      James T. Burke, proceeding *pro se*, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A Vermont jury convicted Mr. Burke of one count of sexual assault in May 2010. His Petition (Doc. 4) asserts a variety of constitutional claims, including ineffective assistance of counsel, insufficiency of the evidence, and speedy trial violations.

      Respondent moves to dismiss Mr. Burke's petition without prejudice (Doc. 8), arguing that it contains a mix of exhausted and unexhausted claims. Mr. Burke opposes the Motion, and argues that all of the claims raised in his Petition have been properly exhausted. Alternatively, if the Court finds that a claim is unexhausted, Mr. Burke asks the Court to "delete the unexhausted claim and proceed in a timely manner with the Petition['s] unexhausted claims." (Doc. 13 at 1.)

      Also pending are Mr. Burke's Motions for Summary Judgment (Doc. 10) and Default Judgment (Doc. 20), and Respondent's Motion for an Extension of Time to File

an Answer and Dispositive Motion (Doc. 16).  For the reasons set forth below, I recommend that Respondent's Motion to Dismiss be DENIED, that Respondent's Motion for an Extension of Time be GRANTED, that Mr. Burke's Motion for Summary Judgment be DENIED without prejudice, and that Mr. Burke's Motion for Default Judgment be DENIED.

## Factual and Procedural Background

Mr. Burke was arrested pursuant to an arrest warrant on October 19, 2005.  He was arraigned the next day on one count of sexual assault in violation of 13 V.S.A. § 3252(a)(1).  After trial judge Matthew I. Katz denied Mr. Burke's motion to represent himself and to recuse Judge Katz, a jury trial commenced on May 20, 2010.  Judge Katz presided over the trial during which Mr. Burke was represented by Public Defender Dan Maguire, and the state was represented by Chittenden County State's Attorney T.J. Donovan.  Mr. Burke was ultimately convicted and sentenced to serve eighteen to twenty years in prison.

After the trial court denied his motions for acquittal and for a new trial, Mr. Burke appealed his conviction to the Vermont Supreme Court.  On direct appeal, the court addressed whether: (1) Mr. Burke was denied a speedy trial; (2) the trial court abused its discretion by excluding evidence that the complainant had made false accusations of sexual assault in the past; (3) the trial court erred by refusing to allow Mr. Burke to present evidence of the complainant's prior convictions; (4) the trial court erred by denying his motion to proceed *pro se* during trial and by ordering him shackled in court; (5) the trial court improperly imposed a fixed term of imprisonment; and (6) the trial

court should have granted his motion for a new trial. *See State v. Burke*, 2012 VT 50, ¶ 1, 54 A.3d 500, 502. The Vermont Supreme Court affirmed Mr. Burke's conviction and sentence on June 14, 2012. *See id.*

Mr. Burke then moved for re-argument pursuant to Vermont Rule of Appellate Procedure 40. The Vermont Supreme Court denied the motion because it "reiterate[d] arguments already raised in appellant's brief and considered by this court and thus fail[ed] to identify points of law or fact overlooked or misapprehended." (Doc. 8-10 at 1.) The court further explained that it did "not address [Mr. Burke's] assertion that trial counsel provided ineffective assistance since this claim may not be raised in the context of a direct appeal." *Id.* (citing *State v. Lund*, 168 Vt. 102, 106, 718 A.2d 413 (1998)). Finally, on July 30, 2012, the Vermont Supreme Court denied Mr. Burke's motion for reconsideration, noting that his motion "raise[d] the same issues already considered in his appeal and motion for reargument." (Doc. 8-11 at 1.)

Mr. Burke filed the habeas petition in this case on September 4, 2012. His Petition asserts violations of the Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, including "[i]neffective assistance of counsel," and violations of his rights to due process and a speedy trial, equal protection of the laws, and to confront the witnesses against him. *See* Doc. 4 at 5-7.

## **Discussion**

Respondent now moves to dismiss Mr. Burke's Petition because at least one of his claims—specifically, his claim of ineffective assistance of counsel—has not been exhausted in Vermont state court. Respondent argues that because the habeas statute

3

precludes federal district courts from considering "mixed petitions" that contain both exhausted and unexhausted claims, Mr. Burke's entire petition should be dismissed without prejudice. In opposition, Mr. Burke argues that his claims satisfy the habeas statute's exhaustion requirement, either because he "presented his ineffective assistance of counsel claims to BOTH the trial court then the Vermont Supreme Court," or because circumstances exist in this case that would render state-level review of his claim ineffectual. (Doc. 9 at 1.) In particular, Mr. Burke argues that certain Vermont trial court judges and "long time Court officers" used improper ex parte communications to "undermin[e] every defense issue they could to assure a[n] unlawful conviction," and he now asks for "review by a Justice who is NOT a pup[p]et and subject to ex-part[e] conversations that will slant the correct interp[retation] of the law." *Id.*

I. **Legal Standards.**

Mr. Burke's filing is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. The AEDPA requires that prior to bringing a petition for a writ of habeas corpus in federal court, a petitioner must exhaust the remedies available to him in the state courts. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the petitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put

4

before the appropriate state court 'all of the essential factual allegations.'") (quoting *Daye v. Att'y Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

Alternatively, the exhaustion requirement is met if the petitioner demonstrates that "there is an absence of available State corrective process" for adjudicating the claim(s); or, though a state court process is available, "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Fama*, 235 F.3d at 808.

## II.  Mr. Burke's Ineffective Assistance Claim is Unexhausted.

In this case, Mr. Burke has not "fairly presented" his ineffective assistance of counsel claim to the Vermont Supreme Court. Mr. Burke did claim on direct appeal that he "was deprived of his rights under . . . the Sixth Amendment to the United States Constitution . . . to the effective assistance of counsel," (Doc. 8-2 at 32)—a claim he apparently renewed in his motion for re-argument, *see* Doc. 8-10. But as the court explained in denying Mr. Burke's motion, under Vermont law, a claim of ineffective assistance cannot ordinarily be raised on direct appeal. *See id*. (citing *Lund*, 168 Vt. at 106). Instead, "the proper avenue of raising the issue of ineffective assistance of counsel is through a motion for post-conviction relief, and not through a direct appeal of a conviction." *State v. Gabaree*, 149 Vt. 229, 232-33, 542 A.2d 272, 274 (1988) (citing *State v. Campanelli*, 142 Vt. 363, 366, 454 A.2d 1248, 1251 (1982)). Thus, while Mr. Burke claimed ineffective assistance in his appeal to the Vermont Supreme Court, he did so in a procedural posture that did not permit the court to reach the merits of his claim. "Raising the claim in such a fashion does not, for the relevant purpose [of satisfying §

5

2254(b)], constitute 'fair presentation.'" *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also id*. (holding that § 2254's exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered"); *Bell v. Cone*, 543 U.S. 447, 452 n.3 (2005) ("the burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits").

Next, because Mr. Burke has not yet "fairly presented" his ineffective assistance claim, the Court must consider whether there is a "State corrective process" through which he may do so. *See* 28 U.S.C. § 2254(b)(1)(B). Under Vermont law, Mr. Burke may, "at any time," request collateral relief in the form of a petition for post-conviction relief ("PCR"). *See* 13 V.S.A. § 7131 ("A prisoner who is in custody under sentence of a court and claims the right to be released . . . may at any time move the superior court . . . to vacate, set aside or correct the sentence."); *In re Laws*, 182 Vt. 66, 72, 928 A.2d 1210, 1214 (2007) ("[o]ne fundamental aspect of postconviction relief is that a challenge to confinement may be brought at any time"). Among other potential bases for collateral attack, the Vermont Supreme Court has specifically recognized that "a PCR may raise ineffective assistance of counsel[.]" *In re Laws*, 182 Vt. at 72; *see also Gabaree*, 149 Vt. at 232-33. With the availability of PCR—an avenue that Mr. Burke has not yet pursued—his claim of ineffective assistance is unexhausted for purposes of his § 2254 petition. *See* 28 U.S.C. § 2254(c) ("[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").

6

Mr. Burke has not disputed that he may bring an ineffective assistance of counsel claim in a state PCR proceeding. But he contends that "circumstances exist" in this case that would "render such process ineffective" to protect his rights, and therefore the exhaustion requirement should be waived. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). In essence, Mr. Burke argues that Vermont state court judges are corrupt and cannot be trusted to fairly adjudicate his claims. For factual support, he primarily relies on the November 8, 2011 deposition testimony of Vermont Superior Court Judge Michael Kupersmith, which was taken as part of a subsequent prosecution against Mr. Burke. *See* Doc. 9-25. Judge Kupersmith testified that Mr. Burke had filed a motion to recuse and that he (i.e., Judge Kupersmith) confirmed to State's Attorney Donovan that he understood the motion to be a threat. Judge Kupersmith further testified that he had spoken to his wife, court personnel, and "a number of other judges" about the motion to recuse and about an unspecified threat Mr. Burke made at sentencing. (Doc. 9-25 at 4-5.) Based on this testimony, Mr. Burke concludes that Judge Kupersmith had "unlawful ex-part[e] conversations" in an effort "to further unlawfully corrupt other State Court Judges pursuant to [Mr. Burke's] defense issues," (Doc. 9 at 22), and that "Judge Kupersmith and his fellow long time Court officers . . . worked together at the behest of Judge Kupersmith to undermin[e] every defense issue they could to assure a[n] unlawful conviction." *Id*. at 1.

Mr. Burke has also attached one of his motions to recuse Judge Katz, in which Mr. Burke expressed his belief that Judge Katz told a "corrupt lie" and made "legal argument for what the corrupt States Attorney T.J. Donovan wants because of their unlawful ex-

7

part[e] conversations about me, and . . . confirms [Judge Katz's] unethical corruption and ex-part[e] planning with corrupt Donovan."[1] (Doc. 9-13 at 104.)

In seeking a waiver of exhaustion on these grounds, Mr. Burke has merely attached the label "corrupt," and attributed corrupt intent, to state court judges where there is no basis in the record to do so. The fact that one state court judge has felt threatened by Mr. Burke in the past, and has communicated that fact to others including a State's Attorney and other unnamed judges, does not support the inference that a PCR proceeding could not adequately protect Mr. Burke's rights. Mr. Burke's conclusory allegations of systemic "corruption" intended to ensure his unlawful incarceration, numerous though they are, do not warrant excusing § 2254's exhaustion requirement. *See Argiros v. Torres*, 2010 WL 2377111, at *1 (D. Conn. June 10, 2010) ("[t]he fact that the petitioner does not trust the state courts is not a sufficient reason to excuse exhaustion of his claim"); *Mulero v. Lantz*, 2008 WL 920301, *1 (D. Conn. Apr. 4, 2008) ("unsupported allegation[s] of prejudice fail[] to satisfy the criteria to excuse the exhaustion requirement); *Voog v. Pallito*, 2011 WL 5827234, at *1, 4 (D. Vt. Nov. 18, 2011) (declining to excuse exhaustion based on assertions that "[c]ourts in Vermont are seemingly unwilling to pass judgement against the State," and that defense counsel "sabotages all my claims and agrees to dismissals so I have no hope of my claims ever being heard").

---

[1] Mr. Burke's voluminous filings—which include, among other things, memoranda, motions and affidavits filed in prior state court proceedings, deposition transcripts, and hearing transcripts—are littered with Mr. Burke's allegations of "corruption" against Judge Katz, Mr. Donovan, and Mr. Burke's trial counsel Mr. Maguire. *See*, *e.g.*, Doc. 9-16 at 28-30, 34, 39, 48, 58.

8

Because Mr. Burke has not fairly presented his ineffective assistance of counsel claim to the Vermont Supreme Court and no exception to the exhaustion requirement applies, I recommend that the Court deem the claim unexhausted. Should the Court adopt this recommendation, Mr. Burke asks the Court to "delete the unexhausted claim and proceed . . . with the Petition['s] exhausted claims." (Doc. 13 at 1.) Accordingly, I further recommend that the ineffective assistance of counsel claim be deleted from the Petition, and that this action proceed with the remaining claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (explaining that a habeas petitioner "can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims") (internal quotation marks and citation omitted).

### III. Respondent's Motion for an Extension of Time.

If the unexhausted ineffective assistance of counsel claim is deleted from the Petition, Respondent moves for an extension of time to respond to the remaining exhausted claims in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Specifically, Respondent "requests sixty days to file an answer and a dispositive motion addressing the various claims raised in the petition and in petitioner[']s other pleadings." (Doc. 16 at 2.) Respondent submits that such time is necessary "to allow Respondent to fully and completely address the claims raised in Petitioner's pleadings." *Id*. at 1. Mr. Burke opposes the Motion, arguing that Respondent is "clearly corrupt" and is seeking an extension of time as a means to "cover-up and cloud the issu[e]s to make it look like 'alleged Rights' were not violated." (Doc. 19 at 2.)

Fed. R. Civ. P. 6(b)(1)(A) permits the Court to grant an extension of time upon good cause shown. A review of Mr. Burke's Petition, along with the docket sheet and appellate briefing from the underlying state proceedings, and the record already amassed in this case, supports Respondent's sixty-day request. Mr. Burke arguably raises a large number and wide variety of claims—including "[v]iolations of the 5th, 6th, 8th, 9th, [and] 14th Amendments" (Doc. 4 at 2)—based on a prosecution that took almost five years from arrest to conviction. In addition, Mr. Burke has attached more than 1,000 pages of documents to his filings in this matter. Under these circumstances, it is reasonable to infer that it will take Respondent more time to file an Answer, and to address all of Mr. Burke's claims, than it would in the typical case. Respondent's Motion for an Extension of Time should therefore be GRANTED. *See Gonzalez v. Lempke*, 2010 WL 276731, at *3 (W.D.N.Y. Jan. 20, 2010) (granting extension of time to answer § 2254 petition pursuant to Fed. R. Civ. P. 6).

## IV. Mr. Burke's Motion for Summary Judgment and Motion for Default Judgment.

Mr. Burke filed a Motion for Summary Judgment (Doc. 10) along with his opposition to Respondent's Motion to Dismiss. He then filed a Motion for Default Judgment on January 11, 2013 (Doc. 20), arguing that Respondent failed to file a timely opposition. Respondent filed an opposition to both of Mr. Burke's Motions on January 14, 2013.

As an initial matter, in the unique context of habeas proceedings, a default judgment is not a proper remedy for the Respondent's alleged failure to answer the

10

Petition or to oppose the Petitioner's Motion. *See McNally v. O'Flynn*, 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010) ("Even if the Court were to determine that Respondent was in default for failure to timely file his responsive pleading, relevant Second Circuit precedent precludes the Court from granting a habeas petitioner's motion for default judgment based on respondent's failure to file his answer on time.") (citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). Notwithstanding a respondent's default, "there is a presumption" in habeas cases "that the state court judgment, pursuant to which [the petitioner] has been imprisoned, is valid until there is some showing that by constitutional standards it is not." *Bermudez*, 733 F.2d at 21. Accordingly, Mr. Burke's Motion for a Default Judgment should be DENIED.

Next, and in any event, Mr. Burke's Motion for Summary Judgment is premature. While "a district court ruling upon a petition for the writ of habeas corpus may hear motions for summary judgment" under Fed. R. Civ. P. 56,[2] *Whitaker v. Meachum*, 123 F.3d 714, 715 n.2 (2d Cir. 1997), courts have held that such motions are premature if made before the Respondent has answered and the record is sufficiently developed in accordance with Rule 5. *See, e.g., Dowl v. Prince*, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011) ("[f]ederal courts . . . are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers"); *Groke v. Trombley*, 2002 WL 418014, at *1 (E.D. Mich. Mar. 18, 2002) (extending respondent's time to

---

[2] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

answer habeas petition, and dismissing petitioner's summary judgment motion as premature).

Here, Mr. Burke filed his Motion while Respondent's Motion to Dismiss was still pending. And because Respondent's Motion addressed only whether the Petition alleged unexhausted claims, Respondent has neither answered Mr. Burke's Petition nor addressed the substantive claims raised therein. As a result, while Respondent has submitted those portions of the state court record relevant to the pending Motion to Dismiss, he has not necessarily provided the Court with all transcripts relevant to the merits of Mr. Burke's claims, as provided by Rule 5(c). Accordingly, the Court cannot entertain Mr. Burke's Motion for Summary Judgment on the present record, and the Motion should be DENIED without prejudice as premature, so that, if necessary, it may be re-filed at the appropriate time. *See also Stein v. Frakes*, 2009 WL 1033675, at *1 (W.D. Wash. Apr. 16, 2009) ("The request for summary judgment is premature, as the Respondent has not answered the petitioner and the state court record has not been supplied to the court to review"); *Hill v. White*, 2010 WL 3810817, at *1 (D. Ariz. Sept. 24, 2010) ("the Court will consider the Petition itself once briefing is completed and Petitioner's [summary judgment] motion[] requesting the same relief [is] premature"); *Rowe v. Ballard*, 2009 WL 1587255, at *2 (S.D. W. Va. June 8, 2009) ("Petitioner's Motion for Summary Judgment is inappropriate at this time as the Respondent has not yet responded to Petitioner's Petition").

## Conclusion

For the reasons set forth above, I recommend that Respondent's Motion to Dismiss (Doc. 8) be DENIED, and that Mr. Burke's unexhausted ineffective assistance of counsel claim be deleted from the pending Petition. Should the Court adopt this recommendation, I further recommend that Respondent's Motion for an Extension of Time (Doc. 16) be GRANTED, and that the Court order the Respondent to answer the Petition within sixty days of the Court's order on this Report and Recommendation. Finally, I recommend that Mr. Burke's Motion for Default Judgment (Doc. 20) be DENIED, and that his Motion for Summary Judgment (Doc. 10) be DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 18th day of January, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).