UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,

        Petitioner,

        v.                              Civil Action No. 2:12-cv-197

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

        Respondent.

## REPORT AND RECOMMENDATION
### (Doc. 23)

James T. Burke, proceeding *pro se*, petitions the Court for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Mr. Burke filed a " Second Amended Motion for Default

Judgment" (Doc. 23) on January 22, 2013.  This Motion asks for a default judgment in

Mr. Burke's favor for the same reason asserted in Mr. Burke's original Motion for

Default Judgment (Doc. 20); specifically, that Respondent failed to timely oppose Mr.

Burke's Motion for Summary Judgment.  The Report and Recommendation filed on

January 18, 2013 (Doc. 22) recommended that Mr. Burke's original request for a default

judgment be denied, and explained that, "[e]ven if the Court were to determine that

Respondent was in default for failure to timely file his responsive pleading, relevant

Second Circuit precedent precludes the Court from granting a habeas petitioner's motion

for default judgment based on respondent's failure to file his [response] on time."

*McNally v. O'Flynn*, 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010).  The Court

adopted this recommendation on February 11, 2013 (Doc. 25), and Mr. Burke's Amended

Motion should be denied for the same reasons.

Dated at Burlington, in the District of Vermont, this 20th day of February, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).